IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

KIMBERLY SHEPHERD,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
**Commissioner of Social Security,**

    Defendant.

No. CV 09-6022-PK

OPINION AND ORDER

MOSMAN, J.,

    On January 25, 2010, Magistrate Judge Papak issued Findings and Recommendation ("F&R") (#19) in the above-captioned case recommending that I AFFIRM the Commissioner's decision. Plaintiff Kimberly Shepherd filed objections to the F&R (#22), and the Commissioner filed a response to Ms. Shepherd's objections (#23).

## DISCUSSION

### I. Standard of Review

    The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to

PAGE 1 - OPINION AND ORDER

Case 3:09-cv-06022-PK    Document 24    Filed 03/09/10    Page 2 of 5

review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any of the magistrate judge's F&R. 28 U.S.C. § 636(b)(1)(C).

## II. Failure to Consider New Evidence

Judge Papak properly concluded that the Appeals Council did not err by failing to consider new evidence submitted after the ALJ rendered his decision. (*See* F&R (#19) 5-8.) Ms. Shepherd asserts that she could not have submitted new evidence from a doctor's evaluation because "no appointment had yet been scheduled." (Objections (#22) 2.) Ms. Shepherd's argument is unpersuasive in light of the ALJ's many efforts to accommodate Ms. Shepherd's delays, which included postponing the ALJ hearing twice and keeping the record open after the August 7, 2007 hearing to allow Ms. Shepherd to attend more medical appointments and submit additional documentation. Tr. 38, 358, 362, 367-68, 370, 407-08. Ms. Shepherd did not schedule her first appointment with Dr. Cheung until July 7, 2008, exactly eleven months after the ALJ hearing, and she did not schedule her consultation at the Oregon Health Sciences University ("OHSU") clinic until May 19, 2009, over nine months after the ALJ hearing. It was unreasonable to expect the ALJ to delay his decision for that amount of time. As it was, the ALJ waited almost three months to issue a decision, without receiving any documentation from Ms. Shepherd. I agree with Judge Papak that "[t]he record clearly demonstrates that [Ms.] Shepherd was given every opportunity to submit additional medical records, yet failed to do so" and that Ms. Shepherd has not shown good cause for

PAGE 2 - OPINION AND ORDER

that failure. (F&R (#19) 8.)

Ms. Shepherd raises additional arguments regarding her failure to submit documents from a visit to OHSU—the visit for which the August 7, 2007 hearing was ostensibly left open. At the hearing, the ALJ stated several times that it was important for Ms. Shepherd to keep him informed of the date of that appointment. Tr. 368, 370, 408. Although Ms. Shepherd argues that she "did advise the Eugene ODAR office that her appointment at OHSU had been postponed" (Objections (#22) 2), this vague factual assertion is unsupported by affidavit or any other evidence that could give rise to good cause.

Aside from the failure to show good cause for her delay, the results of the OHSU evaluation are not material in that they are not reasonably likely to change the ALJ's opinion. *See Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001) (holding that remand for consideration of new evidence is appropriate where evidence is material, meaning it has a reasonable possibility of changing the outcome, and the claimant has shown good cause for failing to produce the evidence earlier). As Judge Papak noted, the ALJ resolved Step Two in Ms. Shepherd's favor, and any new evidence would be immaterial to the Step Two analysis. (F&R (#19) 7.) To the extent the ALJ incorporated Ms. Shepherd's Hepatitis C diagnosis into his Residual Functional Capacity ("RFC") assessment, he focused on the symptoms of that condition rather than the existence of the condition itself. And the OHSU test results are entirely consistent with the evidence the ALJ relied upon. The OHSU records state that Ms. Shepherd had a "[c]ompletely normal liver test" and that her liver condition is "stable," Tr. 22, 24, which is no different from evidence the ALJ considered, including a treating physician's clinical findings that Ms. Shepherd's "liver enzymes were quite stable," she "exhibited no adverse structural liver changes or abnormal liver function," and the "abdominal

PAGE 3 - OPINION AND ORDER

ultrasound of [her] liver was normal." Tr. 38.

For the foregoing reasons, I agree that the Appeals Council did not err by refusing to consider new evidence, and remand for reconsideration of this evidence is not warranted.

### III.    Failure to Credit Treating and Examining Physicians

Ms. Shepherd argues that the ALJ erred by relying "upon a non-examining physician to challenge the findings of both an examining physician, Dr. Nolan, and Ms. Shepherd's treating physican," Dr. Somera. (Objections (#22) 3.) Although the opinion of a nonexamining physician is not sufficient, in and of itself, to justify rejecting the opinion of an examining or treating physician, an ALJ may rely on a nonexamining physicians' opinion and reject the testimony of a treating or examining physician if the ALJ gives "specific, legitimate reasons" for doing so, and those reasons are supported by substantial evidence in the record. *See Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995). I acknowledge that reasons and medical evidence "that may be sufficient to justify the rejection of an examining physican's opinion would not necessarily be sufficient to reject a treating physician's opinion." *Id.* at 831 n.8.

Although the ALJ did credit the opinion of Dr. Eden, a nonexamining, physician, Dr. Eden's opinion was not the only evidence that supported the ALJ's decision. Rather, the ALJ considered Dr. Eden's opinion in the context of the record as a whole, including laboratory reports, x-rays, and the clinical findings of examining and treating physicians. Tr. 37-38. Importantly, the ALJ did not discredit either Dr. Nolan's or Dr. Somera's opinion in its entirety. For example, Dr. Nolan, opined that Ms. Shepherd could sit for <u>at least</u> six hours in an eight-hour day, could stand for <u>at least</u> two hours in an eight-hour day, and could lift up to thirty pounds, which is consistent with the ALJ's RFC assessment. Tr. 34, 37, 235. When the ALJ discredited portions of Dr. Nolan's or Dr. Somera's

PAGE 4 - OPINION AND ORDER

opinion, the ALJ based his decision on several inconsistencies between the physicians' opinions and their clinical findings, as well as inconsistencies between the physicians' opinions and Ms. Shepherd's daily activities. Tr. 37-39. Both the ALJ's RFC assessment and his reasons for rejecting portions of Dr. Nolan's and Dr. Somera's opinions are supported by substantial evidence in the record.

### IV. Failure to Meet Burden at Step Five

Ms. Shepherd argues that the ALJ erred by failing to pose a hypothetical question to the Vocational Expert that contained the limitations identified by Dr. Nolan and Dr. Somera. I agree with Judge Papak's conclusion that the ALJ properly "elicited testimony from the [Vocational Expert] based on the RFC assessment and was not required to incorporate additional limitations he found unsupported by the record." (F&R (#19) 16 (citing *Osenbrock v. Apfel*, 240 F.2d 1157, 1163-65 (9th Cir. 2001)).)

### V. Conclusion

For the foregoing reasons, I agree with Judge Papak's recommendation, and I ADOPT the F&R (#19) as my own opinion. The Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 9th day of March, 2010.

MICHAEL W. MOSMAN
United States District Court